IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CYNTHIA MILLER                                                    PLAINTIFF


V.                          CASE NO. 4:03-CV-148 (RSW)


GLORIA POWELL, ODELL EMBRY,
HILDA CANADA, AND ARKANSAS DEPARTMENT
OF HUMAN SERVICES,                                              DEFENDANTS


<u>**OPINION AND ORDER**</u>

**I.   Introduction**

     Pursuant to Rule 56 of the Federal Rules of Civil Procedure,
the defendants move for summary judgment on all of the
plaintiff's claims. The plaintiff resists the Motion. As
articulated below, the defendants' Motion for Summary Judgment
(doc. #45) is **GRANTED**.

**II.  Background**

     The plaintiff is a former employee of the Arkansas
Department of Human Services ("ADHS"). She began her employment
with ADHS in July 1999. Although the Court is not certain where
the plaintiff was initially stationed, she was transferred, at
her request, to a position located in the Pulaski North Office on
January 21, 2003.

     During her employment at the North Office, the plaintiff
took hand-written notes describing various interactions between

1

her and others at the North Office. In those notes, the plaintiff described being put in a "storage room" and being made to clean it up. She also described feeling "depressed" and "uncomfortable" at work.

On February 18, 2003, the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against the ADHS. The EEOC issued a Dismissal and Notice of Rights on February 24, 2003. The plaintiff resigned her position with the ADHS on April 4, 2003.

The plaintiff then filed this action, pro se, pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. The plaintiff claims that the defendants discriminated against her because of her race and for filing a previous charge of discrimination. She contends that the defendants made her use annual leave time to attend her son's court appearance, put her in a "storage room" and made her clean it up, and tried to get her to falsify requested leave time. The defendants now move for summary judgment, claiming that the defendant cannot establish a prima facie case of discrimination under Title VII.

**III. Discussion**

    A.   <u>Standard of Review</u>

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is proper "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  A fact is "material" if it might affect the outcome of a case, and a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  <u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Churchill Bus. Credit, Inc. v. Pacific Mut. Door Co.</u>, 49 F.3d 1334, 1336 (8th Cir. 1995).

All evidence and inferences are to be viewed in a light most favorable to the nonmoving party. <u>Liberty Lobby, Inc.</u>, 477 U.S. at 255. The moving party bears the initial responsibility to demonstrate the absence of any genuine issue of material fact and entitlement to judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). To defeat summary judgment, the nonmoving party must go beyond the pleadings and designate specific facts showing a genuine issue of material fact for trial. <u>Id.</u> at 324. Thus, the "basic inquiry" for purposes of summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one sided that one party must prevail as a matter of law." <u>Quick v. Donaldson Co., Inc.</u>, 90 F.3d 1372, 1376 (8th Cir. 1996)(citing <u>Anderson</u>, 477 U.S. at 251-52 (1986).  With this standard in mind, the Court begins its analysis.

B.   <u>Individual Defendants</u>

The plaintiff has brought this case against Gloria Powell, Odell Embry, Hilda Canada, and the Arkansas Department of Human Services. Powell, Embry, and Canada were either supervisors or co-workers of the plaintiff. The individual defendants argue that the they are not proper defendants in this action because they are not "employers" as defined under Title VII. The Court agrees.

Title VII prohibits an "employer" from discriminating against any individual with respect to her compensation, terms, conditions, or privileges of employment on the basis of race, sex, nationality, or religion. 42 U.S.C. § 2000e-2(a)(1). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). It is well established that supervisors and co-workers cannot be held personally liable under Title VII. <u>Spencer v. Ripley County State Bank</u>, 123 F.3d 690, 691-92 (8th Cir. 1997).

Here, the three individual defendants are either supervisors or co-workers of the plaintiff. Accordingly, they are not "employers" as defined under Title VII. The Court treats Title VII actions brought against individual employees as suits against those employees in their official capacities. As such, liability

4

can only be imposed upon the common employer of the plaintiff and the individual employees — the ADHS. <u>See</u> <u>Bales v. Wal-Mart Stores, Inc.</u>, 143 F.3d 1103, 1111 (8th Cir. 1998)(imposing damages assessed against individual employee on his employer). Therefore, the defendants Motion for Summary Judgment as to defendants Powell, Embry, and Canada is **GRANTED**.

    C.   <u>Claims Against ADHS</u>

    In filing this lawsuit, the plaintiff used the Clerk of Court's complaint form for cases filed under Title VII. On that form, the plaintiff wrote "discrimination" next to the box titled "race" and then wrote "retaliation" as to how the defendant discriminated against her. It is not clear from the Complaint whether the plaintiff is claiming discrimination based on her race or if she is only claiming retaliation for filing a previous claim of discrimination. Because the plaintiff is proceeding pro se, the Court will hold her to a less stringent standard and address both possible claims.

    Under Title VII, the plaintiff carries the initial burden of demonstrating a prima facie case of racial discrimination. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973). To establish a prima facie case of discrimination, the plaintiff must show that: (1) she is a member of a protected class, (2) that she was meeting the employer's legitimate job expectations, (3) that she suffered an adverse employment action, and (4) that

similarly situated employees outside the protected class were treated differently. E.g., Tolen v. Ashcroft, 377 F.3d 879, 882 (8th Cir. 2004).

In the present case, the plaintiff's claim for race discrimination fails because she cannot establish that she suffered an adverse employment action. The plaintiff complains that she was initially put in a "storage room" when she arrived at the North Office. This can hardly be considered an adverse employment action. She did not suffer any changes in pay, benefits, seniority, or responsibility as a result of the alleged harassment.  Not everything that makes an employee unhappy constitutes actionable adverse action.  LaCroix v. Sears, Roebuck, and Co., 240 F.3d 688, 691 (8th Cir. 2001). In any event, the plaintiff was moved to a fully furnished office only three days later. Plaintiff's dissatisfaction with her office assignment, which lasted for three days, is not sufficient to maintain an allegation of race discrimination.

The plaintiff also complains that she was forced to use annual leave time to go to a court hearing and that a co-worker "tried to set her up" by getting her to not submit her correct leave time. Even if true, these incidents are not sufficient to maintain an allegation of race discrimination. The undisputed facts show that the plaintiff suffered no diminution in her title, salary, or benefits and was treated fairly and

6

respectfully by her supervisors and co-workers. See Scusa v. Nestle U.S.A. Co., Inc., 181 F.3d 958, 969 (8th Cir. 1999)(finding no adverse employment action).

Next, the plaintiff argues that the defendants retaliated against her because she had previously filed a claim for discrimination with the EEOC. The plaintiff presents the same allegations as she did with her race discrimination claim. To prove a prima facie case of retaliation under Title VII, the plaintiff must show that (1) she filed a charge of harassment or engaged in other protected activity; (2) that her employer subsequently took adverse employment action against her; and (3) that the adverse action was causally linked to the protected activity. Cross v. Cleaver, 142 F.3d 1059, 1071 (8th Cir. 1998).

As with the plaintiff's discrimination claim, plaintiff's retaliation claim fails. It is clear from the plaintiff's own notes that she suffered no adverse employment action as a result of her filing a previous charge of discrimination. She does not present any evidence of discharge, reduction in job duties, or any other actions that disadvantaged or interfered with her ability to do her job. See Kim v. Nash Finch Co., 123 F.3d 1046, 1060 (8th Cir. 1997)(holding that what happened to the plaintiff was more disruptive than a mere inconvenience or an alteration of job responsibilities or changes in duties or working conditions that cause no materially significant disadvantage).  The

7

plaintiff resigned from her position in April of 2003, and the plaintiff's claims of being "depressed" and "uncomfortable" are insufficient. <u>See</u> <u>Manning v. Metropolitan Life Ins. Co., Inc.</u>, 127 F.3d 686, 692-93 (8th Cir. 1997)(holding that employment actions that are sufficiently adverse to sustain a retaliation claim include tangible change in duties or working conditions that constituted a material employment disadvantage).

## IV. Conclusion

Plaintiff has not established that she suffered an adverse employment action as a result of racial discrimination or in retaliation for her filing a previous charge of discrimination. Without proof of an adverse employment action, the plaintiff's claims must fail as a matter of law. Accordingly, the defendants' Motion for Summary Judgment (doc. #45) as to all of plaintiff's claims is **GRANTED**. Each party shall bear its own costs and attorney's fees.

**IT IS SO ORDERED**, this 27th day of December, 2005.

RODNEY S. WEBB, District Judge
United States District Court